United States District Court
District of Massachusetts

```
─────────────────────────────
                              )
BENJAMIN T. PERSHOUSE,        )
Individually and On Behalf of )
All Others Similarly Situated,)
                              )
          Plaintiff,          )
                              )
          v.                  )      Civil Action No.
                              )      18-10800-NMG
L.L. BEAN, INC.,              )
                              )
          Defendant.          )
                              )
─────────────────────────────
```

MEMORANDUM & ORDER

GORTON, J.

Plaintiff Benjamin Pershouse ("Pershouse" or "plaintiff") brings this putative class action against L.L. Bean, Inc. ("L.L. Bean" or "defendant"). Pershouse alleges that L.L. Bean rescinded its well-known "100% Satisfaction Guarantee" ("Satisfaction Guarantee" or "the Guarantee") by inserting new conditions for its return policy and then applying them retroactively to purchases made under the original policy. Pershouse claims, among other things, breach of contract, unjust enrichment and unfair or deceptive practices in violation of M.G.L. c. 93A. He also seeks to certify a nationwide class of similarly situated individuals, as well as a subclass of individuals in the Commonwealth of Massachusetts.

-1-

Pending before this Court are defendant's 1) motion to dismiss for failure to state a claim and 2) motion to strike the nationwide class claims from the class action complaint.

I.   **Background**

   **A.   Facts**

Pershouse is a resident of Woburn, Massachusetts.  L.L. Bean is a Maine corporation headquartered in Freeport, Maine. The company was founded in 1912 by Leon Leonwood Bean and specializes in the manufacture and sale of clothing, footwear and outdoor recreation equipment.  For decades, L.L. Bean has publicized and been renowned for its Satisfaction Guarantee, which promised that

> if something's not working or fitting or standing up to its task or lasting as long as you think it should, we'll take it back.

This return and exchange policy contained no explicit time limits or other conditions, and plaintiff asserts that it formed

> part of the benefit of the bargain for purchasers of L.L. Bean products . . . [and] has become almost entirely intertwined with the L.L. Bean brand.

Plaintiff alleges that L.L. Bean marketed its Satisfaction Guarantee for years, including in signs displayed prominently in L.L. Bean stores and outlets, on its website and in its catalogs.

In November, 2012, Pershouse bought a pair of women's indoor slippers through L.L. Bean's website.  He alleges that

-2-

"[a]fter a few years of indoor use, the rubber soles of the slippers began to flake off in large chunks".  He does not explicitly allege that the slippers were defective or that he was actually dissatisfied with the quality of the slippers.  Nor does he indicate precisely when the soles of the slippers began to break off in pieces.

In February, 2018, the Executive Chairman of L.L. Bean posted a letter to the L.L. Bean Facebook page announcing that it was updating its Satisfaction Guarantee in response to perceived abuse by certain customers.  The letter explained that:

> [A] small, but growing number of customers has been interpreting our guarantee well beyond its original intent. Some view it as a lifetime product replacement program, expecting refunds for heavily worn products used over many years.  Others seek refunds for products that have been purchased through third parties, such as at yard sales. Based on these experiences, we have updated our policy. Customers will have one year after purchasing an item to return it, accompanied by proof of purchase.  After one year, we will work with our customers to reach a fair solution if a product is defective in any way.

The letter included a link to the full return policy.  The full policy contained "Special Conditions" in which L.L. Bean would not accept returns or exchanges in certain situations, including: 1) "[p]roducts damaged by misuse, abuse, improper care or negligence, or accidents (including pet damage)"; 2) "[p]roducts showing excessive wear and tear"; 3) "[p]roducts lost or damaged due to fire, flood, or natural disaster"; 4)

"[p]roducts with a missing label or label that has been defaced"; 5) "[p]roducts returned for personal reasons unrelated to product performance or satisfaction"; and 6) "[o]n rare occasions, past habitual abuse of our Return Policy". That letter was also emailed to some former L.L. Bean customers, including plaintiff.

In March, 2018, more than five years after Pershouse purchased the slippers from L.L. Bean's website, he attempted to return them to an L.L. Bean store in Burlington, Massachusetts. Although plaintiff presented a proof of purchase to the manager of the store, she refused to accept the return of the slippers because she found they were not defective. Plaintiff alleges that her determination was "erroneous" but does not otherwise explain 1) how the slippers were defective, 2) why he waited so long to return them or 3) that he was actually dissatisfied with the quality of the slippers. Rather, plaintiff submits that L.L. Bean has rescinded its Satisfaction Guarantee for purchases made before February, 2018, and has improperly denied valid returns to stores throughout the country.

### B.   Procedural History

In April, 2018, plaintiff filed a class action complaint in this Court claiming 1) breach of contract (on behalf of a nationwide class), 2) unjust enrichment (on behalf of a nationwide class), 3) violation of M.G.L. c. 93A (on behalf of

the Massachusetts subclass) and 4) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. (on behalf of a nationwide class).  In addition, he seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that 5) L.L. Bean's letter in February, 2018, constitutes a violation of law and a breach of warranty, 6) L.L. Bean be required to honor the Guarantee with no end date for goods purchased before the publication of the letter and 7) L.L. Bean provide notice to past and future customers regarding the terms of the new return and exchange policy.

Pershouse contends that he and members of the purported classes have not received what was promised to them when they bought the L.L. Bean products and thus overpaid for them. Specifically, he asserts that he and members of the purported classes paid a premium for a "100% Satisfaction Guarantee" when they were actually buying "products that would become subject to an exceptionally limited warranty".  He concludes that he and others were, therefore, deprived of "the benefit of the bargain".  Pershouse maintains that defendant's rescission of the Guarantee constitutes both a breach of contract and unfair or deceptive conduct in violation of the Massachusetts Consumer Protection Act.

In May, 2018, L.L. Bean filed a motion to dismiss for failure to state a claim, as well as a motion to strike the

nationwide class claims in plaintiff's class action complaint. Defendant maintains that 1) plaintiff has failed to state a claim for each count in the complaint and 2) even if some of his claims survive the motion to dismiss, they cannot be brought on behalf of a nationwide class because disparate state common law and consumer protection laws apply to those claims.  For the reasons that follow, defendant's motion to dismiss will be allowed.

## II.  <u>Motion to Dismiss</u>

### A.   Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. <u>Nollet</u> v. <u>Justices of Trial Court of Mass.</u>, 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Langadinos</u> v. <u>Am. Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000).  Although a court must accept as true all of the factual allegations

contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B.   Count I: Breach of Contract**

Under Massachusetts law, to prove a breach of contract the plaintiff must demonstrate that 1) "there was a valid contract", 2) "the defendant breached its duties under the contractual agreement" and 3) "the breach caused the plaintiff damage". Shaulis v. Nordstrom, Inc., 120 F. Supp. 3d 40, 54 (D. Mass. 2015) (quoting Guckenberger v. Bos. Univ., 957 F. Supp. 306, 316 (D. Mass. 1997)).  Moreover, "[u]nder Massachusetts law, a covenant of good faith and fair dealing is implied in every contract." Id. ("[T]he parties to a contract implicitly agree to deal honestly and in good faith in both the performance and enforcement of the terms of their contract." (internal quotation marks omitted) (quoting Hawthorne's, Inc. v. Warrenton Realty, Inc., 606 N.E.2d 908, 914 (Mass. 1993))).

With respect to satisfaction guarantees on goods for sale, Massachusetts law appears to require at least honesty and good faith on the part of the party asserting dissatisfaction. See Weinstein v. Miller, 144 N.E. 387, 388 (Mass. 1924) (explaining in the context of a satisfaction guarantee on goods sold that the seller could not allege breach of the buyer's obligation to pay if the buyer "acting in good faith, was actually and honestly dissatisfied").

L.L. Bean asserts that Pershouse fails to state a claim for breach of contract because the law of many states requires a customer's dissatisfaction to be reasonable and plaintiff could not have reasonably been dissatisfied here.  Defendant submits that normal wear and tear of a product after more than five years of use cannot give rise to reasonable dissatisfaction. The Court identified one Massachusetts trial court decision applying a reasonableness standard in the context of a satisfaction guarantee. Tessier v. Merrimack Valley Corp., No. ESCV201001227, 2013 WL 2157166, at *4 (Mass. Super. Ct. Mar. 18, 2013) ("The Court views the claims regarding [the seller's] alleged failure to honor its 100% money back guarantee and its 100% satisfaction guarantee by considering what a reasonable customer could expect from the company under the circumstances presented here . . . .").  The parties dispute, however, whether that is the correct standard to apply under Massachusetts law.

Notwithstanding that disagreement, every contract formed under Massachusetts law contains an implicit covenant of good faith and fair dealing.  Even assuming arguendo that the reasonableness standard does not apply to satisfaction guarantees under Massachusetts law, plaintiff must still demonstrate that his dissatisfaction was in good faith.

Here, Pershouse does not allege that he was actually dissatisfied with his slippers, let alone that his

-8-

dissatisfaction was in good faith.  While he alleges that the soles of the slippers began breaking off after several years of use, that allegation does not insinuate dissatisfaction with the product.  Rather, that claim just as easily infers that the soles began breaking off as a result of normal wear and tear after several years of use.  Moreover, the fact that Pershouse waited five years before attempting to return the slippers contradicts the notion that he was dissatisfied with the quality of the product.  Based on the plain language of the Satisfaction Guarantee contained in the complaint, the Court finds that L.L. Bean's policy warrants nothing more than good faith (and perhaps reasonable) customer satisfaction.  It is not a lifetime product replacement program for worn-out products.

Absent allegations that Pershouse was, in good faith, actually dissatisfied with the slippers, the Court concludes that he has failed to allege facts sufficient to support a plausible claim for breach of contract.  Count I of the complaint will, therefore, be dismissed.

While Pershouse does not specifically include a claim for breach of warranty, he mentions that term several times throughout the complaint.  No Massachusetts Court has ruled explicitly on whether reliance is a necessary element for a breach of warranty claim but District Courts have nevertheless found that "some minimum of reliance" is required to state such

a claim under Massachusetts law. See, Stuto v. Corning Glass
Works, Civ. A. No. 88-1150-WF, 1990 WL 105615, at *5 (D. Mass.
July 23, 1990); Fahey v. R.J. Reynolds Tobacco Co., No. CA
927221, 1995 WL 809837, at *3-4 (Mass. Super. Ct. June 12, 1995)
(noting that "[a]lthough some courts have found that reliance
need not be shown in order to prove breach of an express
warranty, the more common view has been that it is, and that
either a buyer must prove reliance in order to recover on an
express warranty or the seller must be permitted to rebut a
presumption of reliance in order to preclude recovery."
(citations omitted) (internal quotation marks omitted)).

Pershouse does not allege that he relied on the Guarantee
in purchasing the slippers.  Nor does he claim that he even saw
the Guarantee before he bought them.  While plaintiff avers that
the Guarantee was highly publicized, both on its website and in
its marketing materials, he does not suggest that he personally
saw the Guarantee or would not have bought the slippers but for
it.  Absent an allegation of fact to infer reliance, plaintiff
has not stated a claim for breach of warranty.

C.   Count II: Unjust Enrichment

To state a claim for unjust enrichment, a plaintiff must
prove 1) a benefit conferred upon the defendant by plaintiff, 2)
an appreciation or knowledge of the benefit by the defendant,
and 3) the acceptance or retention of the benefit by the

-10-

defendant under circumstances which make such acceptance or retention inequitable. <u>Stevens</u> v. <u>Thacker</u>, 550 F. Supp. 2d 161, 165 (D. Mass. 2008). The availability of an adequate remedy at law, even if ultimately unviable, precludes a claim for unjust enrichment. <u>Shaulis</u> v. <u>Nordstrom, Inc.</u>, 865 F.3d 1, 16 (1st Cir. 2017).

Pershouse claims both breach of contract and violations of Chapter 93A. Those available causes of action are adequate remedies at law. While they will ultimately be dismissed, "[i]t is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment". <u>Id.</u> (collecting cases). Count II of the complaint for unjust enrichment will thus be dismissed.

### D.  Count III: Chapter 93A

Chapter 93A is the Massachusetts Consumer Protection Act that provides a cause of action for plaintiffs who have been "injured by unfair or deceptive acts or practices". <u>Young</u> v. <u>Wells Fargo Bank, N.A.</u>, 828 F.3d 26, 34 (1st Cir. 2016) (internal quotation marks omitted) ("Under Chapter 93A, an act or practice is unfair if it falls within at least the penumbra or some common-law, statutory, or other established concept of fairness; is immoral unethical, oppressive, or unscrupulous; and causes substantial injury to consumers." (internal quotation marks omitted)).

In order to demonstrate a legally cognizable injury under Chapter 93A, the plaintiff must allege an identifiable injury distinct from the deceptive conduct that is objectively measurable. Shaulis, 865 F.3d at 11 ("The flaw in Shaulis's theory of injury—that the mere purchase of an item may constitute cognizable injury, regardless of the item's specific qualities—is that it merges the alleged deception with the injury . . . [and] [s]uch a purchase-as-injury claim . . . attempt[s] to plead an assertion about a consumer's disappointed expectations of value in place of an allegation of real economic loss."); id. at 12 ("[C]laims of injury premised on 'overpayment' for a product, or a loss of the benefit of the bargain, require an objective measure against which the plaintiff's allegations may be evaluated."); Crane v. Sexy Hair Concepts, LLC, Civil Action No. 17-10300-FDS, 2017 WL 8728961, at *3 (D. Mass. Oct. 10, 2017) (distinguishing Shaulis on the basis that the plaintiff plausibly alleged that she paid a higher price for an inferior product based on objective measures); O'Hara v. Diageo-Guinness, USA, Inc., 306 F. Supp. 3d 441, 458 (D. Mass. 2018) (holding that the allegation that plaintiff paid a premium as a result of the alleged deception was too speculative and conclusory to state a claim for injury under Chapter 93A).

Pershouse alleges that L.L. Bean used its Satisfaction Guarantee to induce him into paying more for the slippers than he would have otherwise.  He concludes that he did not receive the benefit of the Guarantee when he attempted to return the slippers after L.L. Bean changed its policy.  Plaintiff's theory of injury fails, however, because he does not allege an objective measure of that purported premium.  Pershouse's own subjective determination of the value of the Guarantee is insufficient to state a cognizable injury under Chapter 93A, particularly where he has not alleged that the product was otherwise defective or inferior in quality.  The mere fact that he may have been deceived when he bought the slippers does not establish a cognizable injury without some proof of a distinct harm.  Accordingly, Count III of the complaint for violations of Chapter 93A will be dismissed.

### E.    Count IV: Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act ("the MMWA") is a federal statute that provides a cause of action for a consumer who is harmed by the failure of a warrantor to comply with an obligation under a written warranty. 15 U.S.C. § 2310(d)(1). The statute explicitly incorporates into the definition of "consumer" his or her rights under state law. 15 U.S.C. § 2301(3); see also Duncan v. Nissan, Civil Action No.: 16-12120, 2018 WL 1542052, at *8 (D. Mass. Mar. 29, 2018)

("[C]ourts have interpreted the Magnuson-Moss Act to incorporate the requirements of a state law cause of action."). State law, therefore, provides the substantive law to apply to a claim under the MMWA, "except in the specific instances in which [the Act] expressly prescribes a regulating rule". Walsh v. Ford Motor Co., 807 F.2d 1000, 1012 (D.C. Cir. 1986). One example of a specific instance in which the MMWA prescribes a regulating rule is § 2302 which sets out requirements for the full and conspicuous disclosure of the terms and conditions of a written warranty. 15 U.S.C. § 2302.

In his complaint, Pershouse submits that he and the purported class members "were damaged as a result of Defendant's breach of its written warranty". As discussed above, however, plaintiff has not stated a plausible claim for breach of express warranty because he never alleges that he actually saw or relied upon the Guarantee in making his purchase. Because a claim for breach of warranty under the MMWA derives its substance from state law, Pershouse has not stated a claim for breach of warranty under the Act. Duncan, 2018 WL 1542052, at *8.

In his opposition to defendant's motion to dismiss, Pershouse claims for the first time that L.L. Bean violated § 2302 of the MMWA by failing to disclose the end date or other conditions of the Guarantee. He makes no assertion, however, that L.L. Bean's disclosure of its original Satisfaction

-14-

Guarantee or of its new return policy was inadequate.  Rather,
Pershouse emphasizes throughout his complaint the highly-
publicized nature of the Guarantee, including its prominent
display in stores, online and in catalogs.  Moreover, he
acknowledges that L.L. Bean published the changes to its
Satisfaction Guarantee policy on Facebook in February, 2018, and
also emailed that new policy to numerous former customers
including the plaintiff.  That notification included a link to
the full terms and conditions of the new return and exchange
policy.  Pershouse does not explain how such notification was
inadequate under § 2302 or what other terms or conditions should
have been included that were not.

For these reasons, Count IV of the complaint for violations
of the MMWA will be dismissed.

### F.    Count V: Declaratory Judgment

Because Pershouse has failed to state a plausible claim for
relief under any of the substantive counts in the complaint,
Count V of the complaint for declaratory relief will also be
dismissed. See In re Fin. Oversight & Mgmt. Bd. for P.R., 916
F.3d 98, 111 (1st Cir. 2019).

### III. Motion to Strike

As a result of the allowance of defendant's motion to
dismiss, it is unnecessary to address its separate motion to

strike the nationwide class claims from the complaint.  That
motion will be denied as moot.

**ORDER**

For the foregoing reasons,

1) defendant's motion to dismiss (Docket No. 23) is **ALLOWED**
   and

2) defendant's motion to strike the nationwide class claims
   (Docket No. 26) is **DENIED as moot.**


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 26, 2019